Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED 29 FEB '12 11:10 USDC-ORP

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| KATHLEEN AULSTON,<br><br>Plaintiff,<br><br>vs.<br><br>COLUMBIA COLLECTION SERVICE, INC.,<br><br>Defendant. | Case No.: CV '12 - 372 - PK<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Kathleen Aulston ("Plaintiff"), is a natural person residing in Clatsop County, Oregon.

Complaint – Page 1

45690

4. Defendant, Columbia Collection Service, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b. Defendant exceeded the bounds of communication by communicating with Plaintiff's employer in a way that was not reasonably necessary in order to collect on its judgment. On or about 11/3/2011, Defendant served a Writ of Garnishment on Plaintiff's employer pursuant to Clatsop County Circuit Court Case No. 119226. Sometime after the document was served, Defendant placed a call to Plaintiff's employer. Defendant disclosed in this conversation, in violation of 15 USC 1692b,

Defendant's identity and the fact that Plaintiff allegedly owed a debt. This call and the violations of 15 USC § 1692c(b) that took place during the call, were not reasonably necessary to collect on the judgment. The written garnishment documents were the only thing "reasonably necessary" to collect on the judgment. The call to Plaintiff's employer was aggressive and threatened Plaintiff's employer with legal action if they did not respond appropriately to the garnishment. This call caused Plaintiff unnecessary stress at work and negatively affected Plaintiff's relationship with her employer (§ 1692c(b)).

10. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

13. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendant for violations of the FDCPA, §§ 1692c.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 28th day of February, 2012.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff